United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RATESHEPHERD, LLC,<br>Plaintiff,<br>v.<br>CONVERSICA, INC.,<br>Defendant. | Case No. 26-cv-12480-TSH<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |

On October 25, 2026, Defendant Coversica, Inc. removed this case based on diversity jurisdiction under 28 U.S.C. § 1332, alleging Plaintiff RateShepherd, LLC is a Nevada corporation whose principal place of business is in Las Vegas, Nevada, and Coversica is a Delaware corporation whose principal place of business is San Mateo, California. Notice of Removal, ECF No. 1.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, they "have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"); *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) ("Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists.") (cleaned up).

There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has

federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1)-(2).

Here, there is no federal question jurisdiction because the claims all arise under state law. *See* Compl., ECF No. 1-1. The party asserting diversity jurisdiction bears the burden of proving that diversity jurisdiction exists. *See Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961) ("[T]he burden of proving federal jurisdiction is upon the party asserting it[.]") (citation omitted).

"The citizenship of a limited liability company is determined by the citizenship of its members." *Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 823 (9th Cir. 2024) (citing *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) ("A limited liability company is a citizen of every state of which its owners/members are citizens, not the state in which it was formed or does business.")); *see also* Civ. L.R. 3-15(b)(3) ("If a party is a limited partnership, limited liability partnership, limited corporation, or limited liability corporation," the party "must disclose the identity and citizenship of such entity's members). "Generally, LLC's are citizens of every state in which their owners/members are citizens." *Prairie Fire, LLC v. Van Vraken Enters., Inc.*, 2013 WL 12149698, at *1 (N.D. Cal. Sept. 26, 2013) (citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)) (cleaned up). Thus, the citizenship of Plaintiff depends on the citizenship of the LLC's members and owners. However, Defendant did not include any allegations in the notice of removal as to the citizenship of Plaintiff's members and owners.

Accordingly, Defendant is **ORDERED TO SHOW CAUSE** as to the citizenship of any members and owners of Plaintiff RateShepherd, LLC. Defendant shall file a written response to this Order by November 10, 2026. Failure to do so will likely result in remand of this action for lack of subject matter jurisdiction. *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir.

2004) ("In the absence of diversity of citizenship of the real parties in interest, the district court did not have subject matter jurisdiction and should have dismissed the action.").

**IT IS SO ORDERED.**

Dated: October 27, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California