United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RATESHEPHERD, LLC,
Plaintiff,
v.
CONVERSICA, INC.,
Defendant.

Case No. 26-cv-12480-TSH

**ORDER DISCHARGING SHOW CAUSE ORDER AND INVITING DEFENDANT TO FILE AMENDED NOTICE OF REMOVAL**

On October 25, 2026, Defendant Coversica, Inc. removed this case based on diversity jurisdiction under 28 U.S.C. § 1332, alleging Plaintiff RateShepherd, LLC is a Nevada corporation whose principal place of business is in Las Vegas, Nevada, and Coversica is a Delaware corporation whose principal place of business is San Mateo, California. Notice of Removal, ECF No. 1. However, because Defendant failed to include any allegations as to the citizenship of Plaintiff's members and owners, the Court issued an Order to Show Cause on October 27, directing Defendant to provide information regarding the citizenship of any members or owners. ECF No. 4.

On November 9, 2026, Defendant responded to the OSC, stating RateShepherd is a Nevada limited liability company whose two managing members and founders are citizens of Nevada and Missouri. ECF No. 5. Having reviewed the response, the Court is satisfied that it possesses jurisdiction over this matter based on diversity of citizenship. Accordingly, the Court **DISCHARGES** the show cause order.

However, the Ninth Circuit has held "that a district court may not establish diversity of citizenship purely by judicial notice." *Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1174 (9th Cir. 2025). The court reiterated that the party invoking federal subject matter jurisdiction

"*always* bears the burden of *both pleading and proving* diversity jurisdiction." *Id.* at 1175 (emphasis in original) (citation omitted). And the court explained that federal courts have the authority to grant leave to amend to cure defective allegations of jurisdiction. *Id.* at 1177 (cleaned up); *see* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

Here, while Defendant included information about the citizenship of Plaintiff's members in response to the Court's show cause order, the Court cannot take judicial notice of that filing for the purpose of establishing that complete diversity exists. *Rosenwald*, 152 F.4th at 1174. Therefore, as in *Rosenwald*, the Court invites Defendant to amend its jurisdictional allegations because inviting amendment does not prejudice either party and doing so would not be futile. *Id.* at 1177; *see also Emeryville Redevelopment Agency v. Clear Channel Outdoor*, 2006 WL 1390561, at *3 (N.D. Cal. May 22, 2006) (explaining district court has discretion to grant leave to amend to allow parties to clarify defective allegations).

Accordingly, Defendant may file an amended notice of removal by December 1, 2026, to cure the defective allegations of jurisdiction. Defendant shall only amend the jurisdictional allegations; the Court does not grant leave to amend any other allegations in the notice of removal.

**IT IS SO ORDERED.**

Dated: November 17, 2026

THOMAS S. HIXSON
United States Magistrate Judge